UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

TIFFANY L. RUTLEDGE, et al.,

    Plaintiffs,

v.

AMERICA'S WHOLESALE LENDER,
et al.,

    Defendants.
_____/

Case No. 16-11408
Honorable Victoria A. Roberts

## ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM 9/15/16 JUDGMENT [Doc. 26]

Plaintiffs filed this action in state court alleging claims arising under both federal and state law. Defendants removed the suit to this Court pursuant to 28 U.S.C. § 1441, stating the Court had federal question jurisdiction over Plaintiffs' federal claims and supplemental jurisdiction over the related state law claims under 28 U.S.C. §§ 1331 and 1367, respectively. On September 15, 2016, the Court entered an order: (1) dismissing Plaintiffs' federal claims; (2) declining to exercise supplemental jurisdiction over the remaining state law claims; and (3) remanding the case to state court.

Defendants now move for relief from the Court's order remanding the case to state court. [Doc. 26]. Specifically, they say "the Court [should] retain Plaintiffs' remaining state law claims because [it] has diversity jurisdiction pursuant to 28 U.S.C. § 1332, which was not raised in the notice of removal…." [Doc. 26-1, PgID 552]. Effectively, Defendants are attempting to amend the notice of removal to assert a new ground for jurisdiction. This is not permitted at this juncture.

A defendant may freely amend a notice of removal "prior to the expiration of the thirty-day period for seeking removal….Thereafter, however, the…notice may be amended only to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice….Completely new grounds for removal may not be added and missing allegations may not be furnished." *Uppal v. Elec. Data Sys.*, 316 F. Supp. 2d 531, 535 (E.D. Mich. 2004) (citation omitted) (collecting cases).

Defendants failed to assert diversity jurisdiction within the thirty-day period for seeking removal; this "failure to act…constitutes a waiver of [their] right to invoke diversity jurisdiction." *Id.* at 536. Therefore, the Court cannot retain jurisdiction over Plaintiffs' state law claims based on diversity jurisdiction.

Defendants' motion for relief from judgment [Doc. 26] is **DENIED**.

**IT IS ORDERED**.

                                                                      S/Victoria A. Roberts
                                                                      Victoria A. Roberts
                                                                      United States District Judge

Dated: February 1, 2017